UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CINDY STEPHENS,

                Plaintiff,

-vs-                                   Case No.  5:11-cv-16-Oc-10KRS

HIRSCH   SEIDMAN   D/B/A   HS
ASSOCIATES,

                Defendant.
_____/

## **O R D E R**

The Plaintiff, proceeding *pro se,* has filed a Verified Complaint alleging violations of the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Home Ownership Equity Protection Act, and state law claims for fraudulent misrepresentation, wrongful foreclosure, and to quiet title (Doc. 1).  The Plaintiff seeks to rescind a mortgage on certain real property located in Howey in the Hills, Florida, to reverse the foreclosure of the mortgage on the property, to set aside the foreclosure sale, and to prevent her eviction.  The foreclosure action has been the subject of lengthy state court proceedings, culminating in the entry of a final judgment of foreclosure (affirmed by the Fifth District Court of Appeals on June 22, 2010), and the issuance of a writ of possession on February 4, 2011 (Doc. 12, Exs. A-B).[1]

---

[1]As stated in her Complaint, the Plaintiff once again contested the foreclosure, sale, and pending eviction in state court, and a hearing was held on January 19, 2011.  The state court rejected all of the Plaintiff's arguments, and certificate of title to the home was issued to the
(continued...)

The Defendant, the entity which commenced the foreclosure proceedings against the Plaintiff in state court, has now moved to dismiss this case in its entirety under Fed. R. Civ. P. 12(b)(1) due to a lack of subject matter jurisdiction (Doc. 12).  Specifically, the Defendant contends that this Court is without jurisdiction under the Rooker/Feldman doctrine,[2] which prevents federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005).

The Plaintiff has filed a response, claiming that the Rooker-Feldman doctrine does not apply in this case because the state court judgment concerning the foreclosure proceedings was procured "through fraud, deception, accident or mistake," and because her lawsuit "constitutes an original and independent proceeding which is cognizable in federal court."  (Doc. 14, p. 2).

The Court has reviewed the Plaintiff's Complaint and it is clear that the relief the Plaintiff seeks is barred under Rooker-Feldman.  Although the Plaintiff has couched several of her claims as violations of federal law, what she is really asking is for this

---

[1](...continued)
Defendant on January 20, 2011 (Doc. 12, Ex. A).

[2]Rooker v. Fidelity Trust Co., 263 U.S. 413 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

Court to review a final state court judgment.[3]  Moreover, the Defendant has submitted

exhibits in support of its motion to dismiss establishing that the same claims and

defenses the Plaintiff raises before this Court have been raised and rejected by the

state court judge (Doc. 16).[4]  Under these circumstances, the Court must abstain from

exercising jurisdiction under the Rooker/Feldman doctrine.  See Parker v. Potter, 368

Fed. Appx. 945, 2010 WL 892846 (11th Cir. Mar. 15, 2010); Velardo v. Fremont

Investment & Loan, 298 Fed. Appx. 890, 2008 WL 4768850 (11th Cir. Nov. 3, 2008);

Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130, 2005 WL 954331 (11th Cir.

April 25, 2005) (all holding that claims under TILA and RESPA stemming from state

court foreclosure actions are barred under Rooker-Feldman).

The Plaintiff's argument that she is merely seeking to collaterally attack the state

court judgments because of purported fraud on the part of the Defendant are of no

merit.  All of the Plaintiff's claims are based upon various allegations of fraud on the

part of the Defendant which induced the Plaintiff to enter into the mortgage and, in turn,

culminated in the state foreclosure proceedings.  As such, the Plaintiff's Complaint is

without a doubt an invitation to review a judgment against the Plaintiff by a Florida state

court.  Regardless of the language used, there can be no other conclusion in this case

---

[3]For these same reasons, this Court previously denied the Plaintiff's request for a temporary restraining order and to stay execution of a writ of possession.  See Docs. 4, 8.

[4]"A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination."  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001).

that the Plaintiff is requesting this Court to impermissibly interfere in state court proceedings. See Stack v. Mason & Associates, 245 Fed. Appx. 920, 2007 WL 2415177 (11th Cir. Aug. 24, 2007) (holding that RICO conspiracy violations, Sherman Antitrust Act violations, and common law fraud claims, all of which related to a state court foreclosure proceeding, were barred under Rooker-Feldman). See also Aboyade-Cole Bey v. BankAtlantic, No. 6:09-cv-1572-Orl-31GJK, 2010 WL 3069102 (M.D. Fla. Aug. 2, 2010).

Accordingly, upon due consideration, the Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. 12) is GRANTED. The Clerk is directed to enter judgment dismissing this case without prejudice, terminate all pending motions, and close the file.[5]

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record
              Cindy Stephens, *pro se*

---

[5]The Court is aware that on May 10, 2011, the Plaintiff filed a "Suggestion of Pendency of Bankruptcy" and contends that this case must now be stayed under 11 U.S.C. § 362 (Doc. 18). The Bankruptcy stay does not affect this Court's ability to dismiss this case for lack of subject matter jurisdiction. If the Court does not have jurisdiction over this case, it clearly also does not have jurisdiction to stay the case – and the filing of bankruptcy proceedings does not change this result.